[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de: PLAINTIFF'S MOTION FOR CONTEMPT (#135), DEFENDANT'S MOTION FOR MODIFICATION (#136) AND PLAINTIFF'S MOTION FOR MODIFICATION (#137)
The hearing on these matters was held on August 6, 2001 as a single hearing. The parties' marriage was dissolved by judgment entered on Oct. 10, 1997 after a trial. The court found that the plaintiff has a master's degree in Fine Arts, that she was employed by the Westport Arts Center as well as being self-employed at the time and that her income was minimal. She now teaches at Trinity Catholic high school earning $26,000 annually paid over twelve months from September through August. She has a contract to teach for the next school year. Her current financial affidavit dated CT Page 11093 August 1, 2001 (plaintiff's exhibit 7) lists income from teaching to be $1958.46 monthly which is $23,500 annually. Whether the court uses the current teaching contract that expires this month or refers to next year's, it clearly demonstrates that her income has increased substantially since October, 1997. Borkowski v. Borkowski, 228 Conn. 729, at 738 states "The power of the trial court to modify the existing order does not, however, include the power to retry issues already decided;. . . .". The court is now obliged to consider the criteria of § 46b-82 Conn. Gen. Stat. and determine the applicability of each element mentioned. As footnote #5 observes, the cause of the dissolution and the length of the marriage both predate the original order and remain unchanged, Id., 738.
The defendant, who has a Ph.D., has been a full professor teaching at Hunter College since 1994. His annual salary was $72,000 at the time of the dissolution although he was then on a leave of absence while employed by G.H.I. earning $6020 monthly net of taxes. Subsequently he returned to his teaching position and currently receives an annual salary of $81,000 and a net weekly wage of $1098.62. He has maximized his net by claiming eight exemptions. His financial affidavit dated and filed on July 15, 1997 listed his net weekly salary as $1399.99, or more than 20% greater than his present net. The court finds that this decrease in his net available income also constitutes a substantial change in circumstances. Although the defendant has an interest in two corporations neither has been active for over a year. The decision of October 10, 1997 found that
 "The defendant is a beneficiary named in a trust created by his parents in June, 1991. The defendant's father died. His mother is alive. The trust instrument created a survivor's trust, a marital trust, and a residuary trust. All the income, together with the power to invade principal, are for the benefit of the surviving spouse. The court concludes that the value of the defendant's interest is speculative and is an expectancy (Plaintiff's Exhibit #5).". . . .
The defendant's mother died recently and her estate is in settlement. The defendant has received no distribution of assets although he has requested it. The defendant's 50% interest in the estate, although estimated, has not been determined and this court's current action does not include an evaluation of future income attributable to his inheritance.
In reviewing the criteria listed in § 46b-82 the court notes that the length of the marriage, the causes for the dissolution, the vocational skills and their station in life have not changed. Each is CT Page 11094 four years older. The court found both parties to be in good health in 1997 and during the present hearing no evidence was offered regarding the health of either party. From their activities the court infers that they each continue to enjoy good health. The plaintiff's present occupation as teacher has greatly increased her income. Her employability has been enhanced. The defendant's employability, vocational skills, and occupation have not changed since 1997. The needs of each party are reflected in total monthly expenses stated on each party's financial affidavit. The plaintiff listed total monthly expenses of $5671 in 1997 and lists $8142 today. Included in the current listing are items attributed to adult children, a home equity lien $716.26 and a Visa $783.33. The $80,000 equity lien paid for a new furnace $6000, exterior painting $5000, repaving a driveway $12,000, tree removal and landscaping $15,000, central air-conditioning $4000. As part of the judgment the plaintiff was awarded the defendant's equity in the marital home valued by her in 1997 as $128,350. The court finds that the plaintiff has understated the fair market value of the former marital home which she has continued to own and occupy. She states the estimated value to be $455,000. The evidence allows the court to conclude that the fair market value is at least $545,000 and that her equity is not $199,135 but rather $289,135. She has drawn a total of $66,090 on the equity loan and has spent $42,000 for premises improvements described above. She also purchased a new refrigerator, a wall oven and a stovetop for a total cost of $4300. She cannot call upon the defendant to help her pay for the premises improvements, the new appliances or for expenses she has chosen to incur in support of her 26-year-old son who lives with her but pays no board. When these items as described are eliminated the needs of each party have not greatly changed since 1997. This court in acting ". . . includes only the power to adapt the order to some distinct and definite change in the circumstances or conditions of the parties." Id., 738.
The motion for modification filed by the defendant is granted. Since it was served by citation on April 18, 2001 the new order shall be effective as of May 1, 2001. The periodic alimony order is reduced to $1750 monthly. A wage withholding order is entered pursuant to statute.
The motion for contempt filed by the plaintiff is denied. The arrears on the periodic order is found to be $7000 consisting of payments for the months of May, June, July and August. The court credits the claim of the defendant that he has sent the payment due for April. He shall pay said arrears in monthly installments of $750 on the 16th of each month commencing next month.
The motion for modification filed by the plaintiff is denied.
HARRIGAN, JTR CT Page 11095